UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FOURTEEN CORPORATION, an
Ohio corporation,

    Plaintiff,

vs.                                                                                                  Case No. 13-11803

MICHAEL MAGNOLI, Jr., an individual,                                  HON. AVERN COHN
and MICHAELANGELO CONSTRUCTION
COMPANY, a Michigan corporation,

    Defendants.
_____/

**MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT (Doc. 21)**

### I. Introduction

This is an action to enforce guaranty obligations in a bank loan and mortgage. As will be explained, the loan transaction at issue has resulted in cases in state, federal, and bankruptcy court. In this case, plaintiff Fourteen Corporation (Fourteen), the holder by assignment, is suing defendants Michael Magnoli Jr. (Magnoli) and Michaelangelo Construction Company (MCC) to enforce separate, but identical, guaranty obligations relating to the Villages of Capital Pointe, LLC (Villages), which defaulted on a $8,000,000 loan originally made by Fidelity Bank and later assigned to Huntington National Bank (Huntington). Magnoli is the member of Villages and president of MCC. The Court previously granted Fourteen's motion for summary judgment that defendants are liable on the guaranty. (Doc. 20). Thus, the only issue remaining is damages.

Now before the Court is Fourteen's motion for entry of judgment. Fourteen seeks a judgment, jointly and severally, in the amount of $8,457,769.26, which includes (a) $8,000,000.00 of the outstanding principal balance, (b) accrued and unpaid interest (as of September 9, 2013) in the amount of $334,440.27, (c) related expenses chargeable in the amount of $12,965.00,[1] and (d) attorney fees and expenses in the amount of $110,363.99.[2]

The Court held a hearing on the motion at which it directed counsel for Fourteen to submit a breakdown of attorney fees and expenses related to (1) Villages' bankruptcy proceeding, (2) the case Villages filed against Huntington, and (3) the assignment of the loan from Huntington to Fourteen. As will be explained, counsel submitted a letter which allocates attorney fees and expenses on a percentage base, which results in $38,311.50 in attorney fees and $2,155.90 in expenses not attributable to the three categories listed above.

For the reasons that follow, Fourteen's motion will be granted in part and denied in part. A judgment shall enter in favor of Fourteen and against defendants in the principal amount plus interest, expenses of $12,965.00, attorney fees of $38,311.50, and attorney expenses of $2,155.90.

## II. Background

---

[1]This amount includes an environmental assessment of $2,100, a consulting fee of $4,750, title fee of $165, and an appraisal fee of $5,950.

[2]This amount represents 379.55 hours of attorney work at an average billable rate of $275.42.

### A. The Loan

On October 30, 2007, Villages obtained an $8,000,000.00 loan from Fidelity in connection with a real estate development in Washington Township which consists of a commercial building and 48 residential units. The loan is evidenced by a promissory note signed by Villages. The maturity date under the note was January 1, 2013.

As security for the loan, Villages gave Fidelity a Future Advanced Mortgage (mortgage) on the property. Villages also, on October 30, 2007, executed a Construction Loan Agreement which contained additional terms and conditions relative to the loan.

Also on October 30, 2007, each defendant executed a guaranty in which the signer "unconditionally" guaranteed payment of Villages' indebtedness to Fidelity when due.

In 2012, Fidelity was closed by the Michigan Office of Financial Regulation. The FDIC was then appointed receiver of Fidelity. The FDIC, as receiver, then entered into a Purchase and Assumption Agreement with Huntington, under which it sold Fidelity's rights in the loan at issue to Huntington. Huntington later assigned its interest in the loan to Fourteen, a wholly-owned subsidiary of Huntington.

### B. Demands for Payment

On January 11, 2013, counsel for Fourteen and Huntington sent a demand letter to Villages and defendants, stating the loan was in default for failing to pay on the note upon maturity. Fourteen demanded payment in full from Villages and defendants.

Shortly thereafter, Huntington attempted to collect rents from the property in accordance with the mortgage, evidenced by its filing of a Notice of Exercise of

Assignments of Rents on April 11, 2013.

### C. The Lawsuits

On April 12, 2013, Villages sued Huntington in Macomb County Circuit Court, challenging Huntington's ability to collect rents under the assignment of rents provision in the mortgage. Villages asserts that the property actually contains 48 family residential condominiums which are not subject to the assignment of rents provision. The complaint asserts the following claims: (1) breach of contract, (2) conversion, (3) tortious interference with a contract, and (4) injunctive relief. Villages also moved for a temporary restraining order (TRO) preventing the assignment of rents. The state court entered a TRO on April 12, 2013.

Meanwhile, on April 22, 2013, Fourteen filed this case against defendants. The complaint makes a single claim for breach of the guaranties.

On April 25, 2013, the date for the TRO hearing in state court, Villages filed a petition for bankruptcy under Chapter 11. In re Villages, case no. 13-48429.

On June 11, 2013, Fourteen filed for summary judgment, seeking a judgment of liability on its breach of guaranty claim.

On June 12, 2013, Huntington removed the state court case to the bankruptcy court as an adversary proceeding. Villages v. Huntington, Adv. P. No. 13-4679.

On June 26, 2013, Villages filed a motion to abstain and remand the adversary proceeding to state court. Huntington opposed the motion. On July 12, 2013, Villages filed a motion to withdraw the reference in the adversary proceeding.

Also on July 12, 2013, defendants filed a motion for abstention or to stay proceedings in this case pending resolution of Villages v. Huntington.

On July 31, 2013, the bankruptcy court adjourned a hearing on the motion to abstain or remand the adversary proceeding pending resolution of Villages's motion to withdraw the reference.

On August 5, 2013, the motion to withdraw the reference was docketed as Villages v. Huntington, case no. 13-13334.  It was later reassigned to the undersigned as a companion to this case.

Following a hearing, the Court entered an order granting Fourteen's motion and denying defendants' motion.  (Doc. 20).[3]  Fourteen then filed the instant motion for entry of judgment.

### III.  Entry of Judgment

Although the order granting summary judgment in favor of Fourteen represents a conclusive decision regarding defendants' liability, it did not constitute a final judgment under Rule 54(b) and Rule 58 of the Federal Rules of Civil Procedure.  Rule 58 of the Federal Rules of Civil Procedure requires a judgment to be set forth on a separate document in order to be an effective judgment.  Because the issue of damages was left unresolved, it is appropriate to now consider Fourteen's motion for entry of judgment with supporting evidence of damages.  As noted above, Fourteen seeks damages representing the principle amount, interest, expenses, attorney fees and attorney expenses.

### IV.  Analysis

---

[3]In Villages v. Huntington, the Court granted Huntington's motion to withdraw the reference and denied Villages's motion to abstain.  See Docs. 5, 8 in case no. 13-13334.

Defendants put forth two arguments in opposition to Fourteen's motion. Each is addressed in turn.

### A.

Defendants first argue that there is a lack of evidence supporting Fourteen's damages calculation as to the outstanding amount of indebtedness due under the loan. This argument lacks merit. In support of its damages request, Fourteen submitted the declaration of Gayle McGregor, Vice President of both Huntington and Fourteen Corporation. In her declaration, McGregor states that she was making the statements in her declaration based on personal knowledge because she is the loan officer in charge of managing and maintaining the file for the loan to Villages. Contrary to defendants' argument, McGregor has the capacity to authenticate the relevant loan documents. McGregor's declaration sets forth the foundation for the calculation as to the amount owed. McGregor has shown that she is familiar with the record keeping system of Huntington and Fourteen Corporation and that the statements in her declaration are based on her personal knowledge. Therefore, her declaration is sufficient to authenticate the loan documents as admissible business records. See Fed. R. Evid. 803(6).

Defendants, however, argue that the declaration is flawed because "[s]he does not explain what interest rate was used or how the interest rate was determined." However, the interest rate is governed by the parties' loan documents and can be determined by review of those documents. Fourteen has also produced the payment history and the payoff statement in discovery, which shows the applicable interest rate. See Exhibit A to Fourteen's Reply. Overall, Fourteen has submitted sufficient evidence

to substantiate the amount owed on the loan, including interest.

**B.**

Second, defendants challenge the amount of attorney fees[4] sought by Fourteen. Defendants argue that they only agreed to pay attorney fees and collection costs related to the enforcement of their guaranty agreements. Thus, attorney fees incurred in connection with Villages's bankruptcy case and the case Villages filed against Huntington should not be awarded. Defendants also argue that time spent drafting the assignment of the loan documents from Huntington to Fourteen should not be charged to defendants.

Both guaranties provide for the award of attorney fees, as follows:

> The Guarantor will pay or reimburse the Lender for all costs and expenses (including reasonable attorneys' fees and legal expenses) incurred by the Lender in connection with the protection, defense or enforcement of this Guaranty in any litigation or bankruptcy or insolvency proceedings.

In addition, defendants "absolutely and unconditionally" promised to pay the "debts, liabilities and obligations" arising out of the October 30, 2007 Note in the original principal amount of $8,000,000 to Villages. Also, in the Note, Villages agreed as follows:

> COLLECTION COSTS AND ATTORNEY FEES. I agree to pay all costs of collection, replevin or any other or similar type of cost if I am in default. In addition, if you hire an attorney to collect this note I also agree to pay any fee you incur with such attorney plus court costs (except where prohibited by law). To the extent permitted by the United States bankruptcy Code, I also agree to pay the reasonable attorney's fees and cost you incur to collect this debt as awarded by any court exercising jurisdiction under the Bankruptcy Code.

---

[4] Defendants do not contest the attorney's hourly rate or the amount of time spent as to each entry.

Fourteen says that this language makes defendants liable for attorney fees incurred in enforcing the guaranty agreements, but also for all of the attorney fees related to the loan to Villages, including attorney fees related to Villages' bankruptcy filing and the case Villages filed against Huntington.

Defendants have the better view.  Defendants are unquestionably responsible for paying Fourteen's attorney fees incurred in this case - an action to enforce the Guaranty.  However, the language does not support such a broad reading to include attorney fees incurred in Villages's bankruptcy case which is not an action to enforce the Guaranty or to collect on the note.  Likewise, the case Villages filed against Huntington challenges the assignment of rents provision, it has nothing to do with the Guaranty or collecting on the note.  The fees for drafting the assignment of the loan documents from Fourteen to Huntington also have no connection with defendants' obligations under the Guaranty or the note.

Following the hearing Fourteen submitted a letter regarding the attorney fees and expenses attributable to Villages' bankruptcy proceedings, the case Villages filed against Huntington, and for the assignment from Huntington to Fourteen.  Counsel explained that it was not possible to provide a detailed breakdown as to each category.  Therefore, counsel allocated the attorney fees and expenses relative to the percentage of total fees sought.  This results in the following:

- Fees and expenses relating to Villages' bankruptcy:  attorney fees of $29,222.25 and expenses of $1,631.49 (representing 28% of the total fees requested)

- Fees and expenses relating to Villages' case against Huntington:  attorney fees of $34,581.00 and expenses of $1,922.82 (representing 33% of the total fees requested)

• Fees and expenses relating to the assignment of the loan: attorney fees of $2,422.50 and expenses of $116.53 (representing 2% of the total fees requested)

• Fees and expenses not attributable to the three categories: attorney fees of $38,311.80 and expenses of $2,155.90 (representing 37% of the total fees requested)

The Court finds that Fourteen is entitled to attorney fees of $38,311.50 and expenses of $2,155.90 as representing the attorney fees and expenses attributable to enforcing the Guaranty.

**V.**

Accordingly, Fourteen's motion for entry of judgment is GRANTED IN PART AND DENIED IN PART. A judgment shall enter in favor of Fourteen and against defendants in the principal amount plus unpaid and accrued interest, expenses of $12,965.00, attorney fees of $38,311.50, and attorney expenses of $2,155.90.

Within five (5) days Fourteen shall submit a proposed judgment consistent with this order, which includes an updated amount of accrued an unpaid interest due on the principle amount.

SO ORDERED.

    s/Avern Cohn
UNITED STATES DISTRICT JUDGE

Dated: November 21, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 21, 2013, by electronic and/or ordinary mail.

    s/Carol Bethel for Sakne Chami
Case Manager, (313) 234-5160